## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KOESTER and KIMBERLY KOESTER, | No. 4:25-CV-01642 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| DAIRY FARMERS OF AMERICA, INC., JEFFREY BACON, ERIC MILLHOLLEN, KAY VANNATTA, and ANN HOLLERAN, | |
| Defendants. | |

## MEMORANDUM OPINION

### JANUARY 30, 2026

## I.    BACKGROUND

Brian Koester ("Mr. Koester") and his wife Kimberly Koester ("Mrs. Koester") (collectively, "Plaintiffs"), brought suit in the Court of Common Pleas of Philadelphia County ("the state court") against Mr. Koester's former employer Dairy Farmers of America, Inc ("DFA") and a variety of their employees, including Jeffrey Bacon ("Bacon"), Eric Millhollen ("Millhollen"), Kay Vannatta ("Vannatta"), and Ann Holleran ("Holleran") (collectively, "Defendants").[1]

---

[1]    *See* Doc. 1 (Notice of Removal).

Mr. Koester brought five counts against Defendants: the first, against DFA, the rest against each of the individual Defendants.[2] Mrs. Koester brought one loss of consortium claim against all defendants, totaling the counts to six.[3]

Defendants removed the case to the Middle District of Pennsylvania.[4] Defendants also moved to dismiss for failure to state a claim.[5] Plaintiffs filed the instant motion to remand the case back to the state court for lack of subject matter jurisdiction, namely lack of complete diversity between Defendants.[6] Defendants oppose the motion to remand, arguing that no claim against the individual Defendants can be sustained and that, thus, joinder is fraudulent.[7] The motion is now ripe for disposition. For the reasons stated below, it is granted.

## II.    DISCUSSION

### A.    Removal Standard

Title 28 U.S.C. § 1447(c) governs remand, and provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[8] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

---

[2]    Doc. 1-1 (Exhibit A – Compl.).
[3]    *Id.*
[4]    *Id.*
[5]    Doc. 5 (Mot.).
[6]    Doc. 8 (Mot.); Doc. 9 (Br. in Supp.) at 4.
[7]    Doc. 12 (Br. in Opp.) at 2.
[8]    28 U.S.C. § 1447(c).

different states."[9] "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant."[10] "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question, the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined."[11]

"Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'"[12] "'[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'"[13] In this inquiry, courts may look to the plaintiff's subjective intent, indicated through conduct, and determine whether it is "'consistent with an intention to actually proceed against'" the joined defendants.[14] Courts should also look to the "'objective criteria'" and

---

[9]   28 U.S.C. § 1332(a)(1).

[10]  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

[11]  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

[12]  *Batoff*, 977 F.2d at 851 (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). Examples of legal bars rendering a claim too weak to proceed include actions barred by the statute of limitations, *Bazis v. Reworld Projects, LLC*, No. 24-3818, 2025 WL 1073763, at *3 (E.D. Pa. Apr. 9, 2025), or where controlling law precludes liability against an individual defendant. *Batoff*, 977 F.2d at 852-53.

[13]  *Batoff*, 977 F.2d at 851 (quoting *Boyer*, 913 F.2d at 111).

[14]  *In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

determine "'that there [is] some reasonable basis in fact and some colorable legal ground supporting a claim'" against the joined defendants.[15]

In deciding whether parties have been fraudulently joined, courts are not to convert a "jurisdictional inquiry into a motion to dismiss."[16] "'[I]t is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted.'"[17] The analysis "triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder."[18] In this inquiry, courts "must take care not to engage in 'merits determination.'"[19]

Accordingly, dismissal for fraudulent joinder is proper only where the claims against the non-diverse defendants are "wholly insubstantial and frivolous," i.e., a claim that is not even colorable.[20] The removing party carries a "'heavy burden of persuasion'" when alleging fraudulent joinder.[21] Removal statutes are to be "'strictly construed against removal and all doubts should be resolved in favor of remand.'"[22]

---

[15] *Id.*

[16] *Batoff*, 977 F.2d at 852.

[17] *In re Briscoe*, 448 F.3d 201, 217-18 (3d Cir. 2006).

[18] *Batoff*, 977 F.2d at 852.

[19] *Alexander Nissan, Inc. v. Maritz LLC*, No. 4:14-CV-01623, 2015 WL 391575, at *2 (M.D. Pa. Jan. 28, 2015) (Brann, J.) (quoting *Batoff*, 977 F.2d at 852).

[20] *Batoff*, 977 F.2d at 852.

[21] *Batoff*, 977 F.2d at 851 (quoting *Steel Valley Author v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987) *cert. dismissed*, 484 U.S. 1021 (1988)).

[22] *Id.*

### B.    Application

Relevant to the instant motion, Mr. Koester brings four counts of wrongful discharge against each of the individual Defendants.[23] Mrs. Koester brings one derivative loss of consortium claim against all Defendants as well.[24] Plaintiffs aver that they are citizens of Pennsylvania, as well as Defendants Bacon, Millhollen, and Holleran.[25] Should any of the claims against these three Pennsylvania individual Defendants be valid, i.e. not fraudulently joined, there would not be complete diversity of citizenship and, accordingly, remand would be proper.[26]

Pennsylvania's at-will employment doctrine allows employers to fire workers without cause, absent a "'statutory or contractual provision to the contrary.'"[27] An

---

[23]  Doc. 1-1 (Compl.); Doc. 9 (Br. in Supp.) at 6. Plaintiffs pled these claims originally as "Retaliatory Adverse Employment Action Violat[ing] Public Policy," Doc. 1-1 at 22, 24, 27, 29, but in brief in remand, Plaintiffs refer to the claims against individual Defendants as wrongful termination claims. *See* Doc. 9 at 6 (bringing "state law claims against individual defendants . . . for the wrongful discharge of plaintiff Brian Koester"; alleging that individual Defendants' behavior resulted "in the wrongful termination" of Plaintiff; and analyzing the legal landscape for "state common law wrongful discharge claim[s]").

Defendants in brief also argue that any retaliation claims would be duplicative of the wrongful termination claims and, therefore, address only the wrongful termination claims for the individual Defendants. Doc. 12 (Br. in Opp.) at 7 n.3. Accordingly, parties appear to be in agreement, both referring to these claims as wrongful termination rather than retaliation, and the Court will analyze them similarly.

[24]  Doc. 1-1.

[25]  Doc. 1-1. Defendants assert without opposition from Plaintiffs that Vannatta is a citizen of the State of New Mexico. Doc. 12 (Br. in Opp.). Accordingly, as only Defendants Bacon, Millhollen, and Holleran are alleged to be citizens of the Commonwealth of Pennsylvania, only the claims against them would defeat complete diversity. Therefore, only those claims against the latter individual Defendants will be analyzed.

[26]  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

[27]  *Srebro v. Dunbar Armored, Inc.*, No. 3:12-CV-2136, 2013 WL 4016514, at *3 (M.D. Pa. Aug. 6, 2013) (quoting *Weaver v. Harpster*, 975 A.2d 555, 562 (Pa. 2009)).

exception to this rule is when an employee is terminated for reasons that violate public policy, including situations where "an employer requires an employee to commit a crime."[28] "When the 'commit a crime' public policy exception is invoked, the plaintiff must point to his employer's course of action that is 'clearly illegal.'"[29] "[C]laims reliant upon the 'commit a crime' public policy exception to the at-will doctrine have succeeded when the plaintiff specifically identifies the law violated by the employer's actions."[30]

The parties dispute whether Plaintiffs' claims can be applied to the individual Defendants as opposed to only the employer; Plaintiffs raise the "participation theory" of liability to confer liability for individuals, and Defendants asserts the theory is inapplicable to non-officers.[31] "'Pennsylvania law recognizes the participation theory, under which a corporate officer, employee, or other agent "who takes part in the commission of a tort by the corporation is personally liable therefor.'"[32] Courts in this Circuit have frequently held noted that the participation theory applies not only to corporate officers but also to other employees.[33] Under the

---

[28]  *Pyles v. City of Phila*, No. 05-1769, 2006 WL 3613797, at *7 (E.D. Pa Dec. 8, 2006); *see also Capriotti v. Rockwell*, No. 19-3136, 2020 WL 12630541, at *8 (E.D. Pa. Jan. 7, 2020).

[29]  *Srebro*, 2013 WL 4016514, at *4 (quoting *Kelly v. Ret. Pension Plan for Certain Home Office*, 73 F. App'x 543, 544-45 (3d Cir. 2003)).

[30]  *Id.* at *4 n.2 (quoting *Woodson v. AMF Leisureland Ctrs., Inc.*, 842 F.2d 699, 702 (3d Cir. 1988)).

[31]  Doc. 9 at 6-7; Doc. 12 at 11.

[32]  *In re Nat'l Medical Imaging, LLC*, 570 B.R. 147, 159 (E.D. Pa. 2017).

[33]  *See, e.g., id.; M.B. v. Schuylkill County*, 375 F. Supp. 3d 574, 601 (E.D. Pa. 2019) ("This participation theory of liability—that employees are liable only for action but not inaction—applies to the liability of corporate officers as well as other employees."); *Aldorasi v.*

6

participation theory, employees and other non-officer agents may be held liable for misfeasance but not "mere nonfeasance."[34]

The theory's applicability to wrongful termination claims, though, is unclear. In Pennsylvania, the law is split on whether wrongful termination claims can be brought against individual defendants rather than against the employer.[35] Courts that have allowed such claims to proceed have done so when it is alleged that the defendants acted in an individual or personal capacity as opposed to a corporate capacity.[36] "An individual acts in a personal capacity if the individual has some personal orchestration of the plaintiff's termination or personally asks the plaintiff to partake in a crime and then fires the plaintiff upon refusal."[37]

Here, Plaintiffs' pleadings raise a colorable claim against the individual Defendants. Plaintiffs plead the specific requirements for reporting pollution event standards with which Plaintiff Mr. Koester was required to comply.[38] Plaintiffs have identified a statute allegedly violated by Defendants' discharge of insufficiently

---

*Crossroads Hosp. and Mgmt. Co.*, 344 F. Supp. 3d 814, 822 (E.D. Pa. 2018) (collecting cases) ("Although Plaintiff suggests the participation theory does not apply to managers and supervisors . . . state and federal courts in Pennsylvania courts have routinely applied the theory to employees and other non-officer agents.").

[34] *Aldorasi*, 344 F. Supp. 3d at 822.

[35] *Sadati v. PrimeCare Medical, Inc.*, No. 19-5452, 2020 WL 4805347, at *6 (E.D. Pa Aug. 18, 2020) (collecting cases).

[36] *Medley v. SugarHouse HSP Gaming*, No. 12-6284, 2013 WL 1157349, at *4 (E.D. Pa. Mar. 21, 2013); *Capriotti*, 2020 WL 12630541, at *9.

[37] *Capriotti*, 2020 WL 12630541, at *9.

[38] Doc. 1-1 ¶ 22.

cleaned wastewater into public waterways, 35 P.S. § 691.3.[39] Plaintiffs claim that Defendants Bacon and Millhollen ordered Mr. Koester to discharge the pollutants into the water way in disregard of the applicable regulations.[40] When Mr. Koester refused, Bacon himself "discharge[d] untreated pollutants and contaminates produced by Dairy Farmers of America, Inc. (Middlebury Center) plant's processing of milk into public waterways and the banks of soil abutting the waterways."[41] Then, Mr. Koester was fired, which Plaintiffs allege was due to his refusal to violate the applicable regulations.[42]

These facts, pled by Plaintiffs, sufficiently raise a colorable claim against Defendants Bacon and Millhollen.[43] In this situation, Plaintiffs have pled that Defendants Bacon and Millhollen had some "personal orchestration of the plaintiff's termination" and that they "personally ask[ed] the plaintiff to partake in a crime and then fire[d] the plaintiff upon refusal."[44] A court could find that this is sufficient

---

[39]  Doc. 11 (Br. in Opp. re: Mot. to Dismiss) at 13 n.14.

[40]  Doc. 1-1 ¶¶ 35, 37, 38, 44, 45, 77, 78, 81.

[41]  *Id.* at ¶ 84.

[42]  *Id.* at ¶¶ 87, 89, 90.

[43]  Defendant Holleran's involvement in this process is less clear. However, as proper joinder of any one of the three Pennsylvania individual Defendants would destroy complete diversity, and as I find that joinder is proper against at least Defendants Bacon and Millhollen, Defendant Holleran's involvement need not be analyzed.

[44]  *Capriotti*, 2020 WL 12630541, at *9; Doc. 1-1 ¶¶ 82-94, 89-90. While paragraphs 89 and 90 in Plaintiffs' complaint could be read as too conclusory to make a claim cognizable, it is possible a state court could find these sufficient to proceed. Accordingly, construing doubts in favor of remand, the claims raised by Plaintiffs against the non-diverse defendants are colorable.

evidence of Defendants Bacon and Millhollen acting in an individual capacity to allow a wrongful termination claim against them to proceed.

Moreover, the pleadings as a whole indicate Plaintiffs' subjective intent to proceed against the individual Defendants. These claims are not afterthoughts, added on without supportive pleadings; rather, the claims against the individual Defendants make up four out of five of Mr. Koester's claims, and a majority of the factual pleadings relate to Defendants Bacon and Millhollen's actions.[45] At the very least, these claims do not rise to the level of being "wholly insubstantial and frivolous."[46]

The Court does not "'purport to express an opinion on the merits of [the] claims asserted against [Defendants], nor do [I] even suggest that a [Pennsylvania] court must find as a matter of law that valid claims have been stated.'"[47] This holding only extends to the jurisdictional inquiry; on those grounds, Defendants have not met the high bar to show that Plaintiffs' joinder of the individual Defendants was fraudulent, and, therefore, remand is proper.

### C.    Plaintiffs' Motion for Payment of Costs

Plaintiffs additionally request the Court to order Defendants pay Plaintiffs the fees and costs associated with removal.[48] Parties agree that "[a]bsent unusual

---

[45] Doc. 1-1.
[46] *Batoff*, 977 F.2d at 852.
[47] *Id.* at 854 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 555 (5th Cir. 1981).
[48] Doc. 8 at 1.

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[49]

Plaintiffs have not demonstrated that Defendants' basis for removal was lacking an objectively reasonable basis; the law is not so clear as to render removal wholly out of the question.[50] Indeed, the split nature of Pennsylvania courts on the applicability of wrongful termination claims to individual defendants gives justification for Defendants' attempted removal. The Court, however, must construe doubts in favor of remand, and remand is proper where there is "'even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants.'"[51] Accordingly, while Plaintiffs' motion to remand is granted, Plaintiffs' motion to compel payment of costs is denied.

## III.    CONCLUSION

Defendants have not shown that Plaintiffs' joinder of Defendants Bacon and Millhollen was fraudulent and, therefore, there is not complete diversity of parties. Accordingly, the Court lacks subject matter jurisdiction to hear this case, and Plaintiffs' motion to remand is granted. The Court remands this action to the Court of Common Pleas of Philadelphia County.

---

[49]   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); Doc. 9 at 9. Doc. 12 at 16.
[50]   *See, e.g., Gleeson v. Dyller,* 2:07-CV-0247, 2008 WL 11498150, at *3 (M.D. Pa. Mar. 25, 2008) (quoting *McClelland v. Longhitano*, 140 F. Supp. 2d 201, 203 (N.D. N.Y. 2001)).
[51]   *Batoff*, 977 F.2d at 851 (quoting *Boyer*, 913 F.2d at 111).

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge